*Frank v. Lynch*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ of June, two thousand eighteen.

PRESENT: JON O. NEWMAN,
JOSÉ A. CABRANES,
SUSAN L. CARNEY.,
*Circuit Judges.*

---

PATRICIA M. FRANK,

*Appellant-Cross-Appellee,*

v.

MAURA E. LYNCH,

*Appellee-Cross-Appellant,*

STEPHEN VACCARO, STEPHEN L. O'BRIEN,

*Appellees,*

R. KENNETH BARNARD, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF MAURA E. LYNCH,

*Intervenor.*

17-1270 (L);
17-1307 (Con);
17-1309 (Con);
17-1536 (Con)

---

1

**FOR APPELLANT-CROSS-APPELLEE:**    Frederick P. Stern, Frederick P. Stern, P.C., Nesconset, New York.

**FOR APPELLEE-CROSS-APPELLANT:**    Maura E. Lynch, pro se, Sag Harbor, New York.

**FOR INTERVENOR:**    Gary F. Herbst, LaMonica Herbst & Maniscalco, LLP, Wantagh, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 28, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Appellant-Cross-Appellee Patricia Frank ("Frank"), through counsel, and Appellee-Cross-Appellant Maura Lynch ("Lynch"), pro se, appeal the District Court's judgment ruling that their appeals from bankruptcy court decisions were moot under 11 U.S.C. § 363(m). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Lynch and her ex-husband had owned a house in Sag Harbor, New York. A state court ordered that it be sold by a receiver, and Frank contracted to buy the house. Before the sale closed, Lynch filed a Chapter 11 bankruptcy petition, and the bankruptcy court ordered that the house be sold at auction. Frank was the highest bidder and closed on the house in 2016. Frank and Lynch each appealed the bankruptcy court's orders about the sale to the District Court. The District Court ruled that the appeals were statutorily moot because the sale of the house had already occurred.

We conduct a plenary review of orders of the district courts in their capacity as appellate courts in bankruptcy cases. *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004).

Section 363(m) of the Bankruptcy Code "creates a rule of statutory mootness, which bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith purchaser and was not stayed pending appeal." *In re WestPoint Stevens, Inc.*, 600 F.3d 231, 247 (2d Cir. 2010) (citations omitted). This statutory bar on review includes not just the authorization to sell, but any "integral provision of the Sale Order," including lien release, claim satisfaction, and distribution provisions. *Id.* at 249-50. Here, the District Court properly ruled that the bankruptcy appeals were moot. Upon a review of the record, we affirm for substantially the reasons stated by the District Court in its thorough March 28, 2017 memorandum and order.

Additionally, while we have reasoned that a "narrow exception may lie for challenges to the Sale Order that are so divorced from the overall transaction that the challenged provision would have affected none of the considerations on which the purchaser relied," *WestPoint Stevens*, 600 F.3d at 249, neither party has raised challenges that fall within this possible exception. Lynch seeks to invalidate the entire sale. Frank seeks a modification of the purchase price, which is a "integral provision of the Sale Order." *Id.*

While we can review whether Frank was a good-faith purchaser, Lynch has abandoned the good-faith argument she raised in the District Court by failing to assert it in her appellate brief. *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). We decline to consider the good-faith argument she has raised for the first time on appeal. *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

## CONCLUSION

We have reviewed all of Lynch's and Frank's remaining challenges to the mootness ruling and find them to be without merit. Accordingly, we **AFFIRM** the March 28, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk